# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **NORWOOD COOK,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:14CV00064 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **FEDERAL BUREAU OF PRISONS &** | ) | By: James P. Jones |
| **SECOR, INC.,** | ) | United States District Judge |
| | ) | |
| Respondents. | ) | |

*Norwood Cook, Pro Se Petitioner.*

The petitioner, Norwood Cook, proceeding pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging prison officials' denial of his request to receive a diet in keeping with his religious beliefs. Upon review of the petition, I conclude that it must be summarily dismissed without prejudice, because Cook has no right to relief under § 2241.[1]

In his petition, Cook states that he is currently confined at SECOR, a community corrections center (halfway house) located in Lebanon, Virginia, privately owned and operated by SECOR, Inc. Cook states that his Muslim religious beliefs prohibit him from eating certain meats. While Cook was confined

---

[1] *See* Rules 1(b) & 4, Rules Governing Section 2254 Cases (authorizing dismissal of habeas petition where it plainly appears from face of petition that petitioner is not entitled to habeas relief).

at a prison facility operated by the Federal Bureau of Prisons, officials provided him with a diet designed to accommodate Jewish and Muslim dietary beliefs. At SECOR, officials do not provide him with this diet, although they do provide a vegetarian meal option. When Cook filed a BOP grievance form about his desire to receive his religious diet, a BOP official spoke with him by telephone and informed him that "it is against BOP policy to provide in community release status [inmates] with the religious diet option." (Pet. 10.)

On these facts, Cook sues BOP and SECOR, Inc. for failing to provide him with the religious diet his beliefs require. Specifically, he asserts that denial of the diet violates his right to free exercise of his religious beliefs, in violation of the First Amendment and the Religious Freedom Restoration Act ("RFRA"); deprives him of equal protection, in violation of the Fourteenth Amendment; and constitutes cruel and unusual punishment, in violation of the Eighth Amendment. As relief, Cook asks the court to order SECOR to provide him with a diet comparable to the religious diet provided to Muslim inmates at BOP prison facilities.

I cannot find that Cook has any ground for the relief he seeks under § 2241. Habeas corpus petitions are generally reserved for attacks on the fact or duration of the petitioner's confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Challenges to conditions of confinement (such as the religious dietary accommodations the prison provides) fall well outside this core of habeas corpus

subject matter and must be raised, if at all, in a civil action for damages or injunctive relief under federal or state law. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Robinson v. Young*, Civil Action No. 09-0963, 2009 WL 3055316, at *2 (W.D. La. 2009) (unpublished) (summarily dismissing inmate's § 2241 claim that prison officials refused to provide appropriate religious diet in violation of First Amendment and RFRA as a civil rights claim regarding prison conditions). Because Cook's petition challenges only a condition of his confinement rather than the fact or duration of his confinement, I will summarily dismiss it without prejudice.[2]

A separate Final Order will be entered herewith.

DATED: February 21, 2014

/s/ James P. Jones
United States District Judge

---

[2] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 395-97 (1971), authorizes a cause of action for damages against a federal official for violations of constitutional rights. Because Cook challenges conditions at a privately run facility, however, I will not construe his petition as a *Bivens* action. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (refusing to extend *Bivens* to "confer a right of action for damages against private entities acting under color of federal law").